# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KING LEAMONS II, ) | 1:06-CV-00799 OWW SMS HC |
| Petitioner, ) | |
| ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| v. ) | |
| ) | [Doc. #1] |
| TOM L. CAREY, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On June 9, 2006, Petitioner filed a petition for writ of habeas corpus in the Sacramento Division of the United States District Court, Eastern District of California. By order of the Court dated June 23, 2006, the action was transferred to the Fresno Division and received in this Court.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  No Grounds for Relief

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases states, in relevant part:

> [The petition] shall specify all of the grounds for relief which are available to the petitioner of which he has or by the exercise of due diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified. It shall also state the relief requested.  The petition shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner.

(Emphasis added.)

The instant petition does not contain any grounds for relief. In the space available for stating his grounds, nothing is stated except "Please see attached." See p. 6, Petition. However, there is nothing attached to the petition. It must therefore be dismissed. Petitioner will be given an opportunity to file an amended petition.  Petitioner is advised that failure to file an amended petition stating his grounds for relief within the time allotted will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and reference the instant case number.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order.

IT IS SO ORDERED.

**Dated:     June 26, 2006                               /s/ Sandra M. Snyder**
icido3                                         UNITED STATES MAGISTRATE JUDGE